### GEORGE M. TURNER v. LEFLORE COUNTY.

### [46 South. 258.]

COUNTIES. *Finances. Bonds. Issuance. Notice. Code* 1906, § 333.

> Under Code 1906, § 333, providing that before the issuance of any bonds by a county the board of supervisors shall (to give opportunity for protest) publish notice of the proposal to issue them as therein specified, the publication of exact copies of the orders of the board touching the issuance of the bonds, attested by the clerk, is sufficient.

FROM the chancery court of Leflore county.

HON. PERCY BELL, Chancellor.

Turner, appellant, was complainant in the court below; Leflore county, appellee, was defendant there. From a decree dissolving an injunction and dismissing the suit complainant appealed to the supreme court.

The object of the suit was to enjoin the county from issuing bonds on the ground that notice of the proposal to issue same had not been published in accordance with the provisions of Code 1906, § 333, which is as follows:

"333 (312) *The same: what to be done before issuance, etc.* Before providing for the issuance of any bonds, the board (of supervisors) shall publish notice of the proposal to issue the same in a newspaper published in the county, or, if there be no such newspaper, by posting notice thereof at the door of the courthouse and three other public places in the county, for three weeks next preceding, and if within that time ten per centum of the adult tax payers of the county, exclusive of those who pay poll taxes only, shall petition against the issuance of the bonds, then the bonds shall not be issued unless authorized by a majority of the male taxpayers voting in an election to be ordered by the board for that purpose," etc.

It was admitted that the only advertisement of the proposal

to issue the bonds was the publication of exact copies of the orders of the board of supervisors touching the proposed issuance of the bonds. The court below held this to be sufficient advertisement under the requirements of the code section above quoted.

*McClurg, Gardner & Whittington,* for appellant.

The notices that were published were not in fact, and did not pretend to be anything but copies of the orders passed by the board of supervisors, and the orders themselves provide that notice shall be given. The orders are all right as the preliminary step to start the proceedings, but must be followed by the notice of intention and the bonds are not good unless this notice has been given, publishing an order of the board is insufficient and a notice must also be published.

In *Clarksdale v. Broaddus,* 77 Miss. 667, 28 South. 954, the town of Clarksdale intended to issue bonds and published the ordinance calling the election, but did not publish notice of the election and this court held that the bonds could not be issued because that notice was not published.

*E. D. Stone,* for appellee.

Did the board in the case before us give the tax payers the notice contemplated by law? By reading the notices as published in the newspapers the tax payers would get full knowledge of all and everything that could have been done by the board and of all that had been done in the present case. The orders were preceded by following headings or titles: "An order in relation to the issuance of bonds for the purpose of constructing public roads." "An order in relation to the issuance of bonds for the purpose of building bridges."

To present this question in another way: What more information could have been conveyed to the tax payers than was afforded them by reading the orders of the board as published? Unless something had been left out, some information with-

held from the tax payers, notice of something material not given them, then the action of the board should be allowed to stand.

It has been urged against these bonds that the case of *Clarksdale v. Broaddus,* 77 Miss. 667, 28 South. 954, decides that the publication of the order of the board is not sufficient. From a careful reading of this case it will be seen that it does not so decide.

WHITFIELD, C. J., delivered the opinion of the court.

The publication of exact copies of the orders of the board of supervisors, signed by the clerk, was a sufficient compliance with the law as to publication of notice of the purpose to issue bonds.

*Affirmed.*